IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

FAYE C. PAINTER SMITH,

          Plaintiff,

v.                                      CIVIL ACTION NO. 5:04-0608

JOANNE BARNHART,
Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending before this Court are cross motions for summary judgment, Plaintiff's motion to remand, and Plaintiff's objections to findings and recommendations of the Magistrate Judge. Plaintiff seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for supplemental security income (SSI). Pursuant to 28 U.S.C. § 636(b)(1)(B), this case was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for proposed findings and recommendations. Magistrate Judge VanDervort entered his proposed findings and recommendations on August 25, 2005, finding that substantial evidence supported the Commissioner's decision.

      Plaintiff objects to the findings on the following bases: (1) the Magistrate should have either reversed for failure to give proper weight to the report of Sunny Bell or remanded and ordered a new report; (2) the Administrative Law Judge (ALJ) improperly rejected the opinions of Sunny Bell; (3) the ALJ incorrectly found that a new medical opinion was not needed after

reviewing all the evidence; (4) the Magistrate erred by finding that the Appeals Council did not need to consider post-hearing evidence; (5) the Magistrate erred by finding that the ALJ should have included more significant limitations from Plaintiff's panic attacks in the hypothetical to the vocational expert but then concluding that the claimant did not specify what limitation; (6) the Magistrate erred in affirming the ALJ's assessment of Plaintiff's pain and credibility; and (7) the Magistrate erred by finding that the ALJ need not consider the report from Dr. Ashby dated February 5, 2004.

## I. Background

The Plaintiff, Faye C. Painter Smith, filed an application for Disability Insurance Benefits (DIB) on May 31, 2001 alleging disability as of June 15, 1999, due to ruptured discs, constant low pack pain and right leg pain, bowel trouble, difficulty sleeping, and problems with nerves. The claim was initially denied and upon reconsideration. The Plaintiff requested a hearing before an ALJ. This hearing was held on November 2, 2002, before Honorable Richard J. Maddigan, but was continued to allow time for Plaintiff to undergo consultative evaluations. A supplemental hearing was held on July 23, 2003, and by decision dated August 19, 2003, the ALJ determined that Plaintiff was not entitled to benefits. Plaintiff requested review by the Appeals Council on September 4, 2003. The Appeals Council denied the final request for review on May 28, 2004. On June 17, 2004, Plaintiff brought the present action seeking judicial review of the administrative decision.

## II. Standard of Review

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C.A. § 405(g).

The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury[.]" *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987) (citations omitted). Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. Analysis

After review of the record and submitted objections, this Court finds that Plaintiff's objections one, two, three and six are without merit. The issues and arguments of these objections are extensively discussed in the Magistrate's Proposed Findings and Recommendations. *See* Mag. Findings 5-18, 23-28. Plaintiff's objections offer no further evidence or law in support of her arguments. Therefore, this Court affirms and adopts the

Magistrate's findings regarding these objections.

Plaintiff's objections four and seven are similar and may be discussed together. After the ALJ's decision, Plaintiff submitted new evidence to the Appeals Council consisting of: (1) a statement of full disability by Dr. Ashby dated February 5, 2004 as well as additional records from visits with Dr. Ashby; (2) treatment notes from New River Health Association; and (3) an intake evaluation form completed by Dr. Penders, a psychiatrist. In her fourth objection, Plaintiff argues that the Magistrate erred by "finding that the Appeals Council did not need to either consider the post-hearing evidence or remand the case to the ALJ for such consideration." Pl. Obj. at 4. Contrary to Plaintiff's assertion, the Magistrate did not find that the Appeals Council need not consider the new evidence. The Magistrate stated that the Appeals Council did consider the evidence which was made part of the record pursuant to the regulations and *Wilkins v. Secretary, Dept. Of Health and Human Serv.*, 953 F.2d 93 (4th Cir. 1991)(*en banc*). *See* Mag. Findings at 19-20. Although the Magistrate did question the materiality of the new evidence, his legal analysis involved the Appeals Council's determination that the new the evidence was in fact material.

Plaintiff further argues that the Appeals Council has the same "duty of explanation" as the ALJ . *See* Pl. Obj. at 4. She claims that the Appeals Council must explain how it treated the new evidence or remand the case to the ALJ. In her objections, Plaintiff offers minimal legal support for her arguments and makes only the bare assertion that the Appeals Council ignored the new evidence. Research reveals that courts differ in the proper treatment of limited statements of the Appeals Council, which indicate only that it incorporated and considered newly submitted

evidence.[1] However, in this case, the Magistrate provided a full and adequate discussion, concluding that the new evidence, which the Appeals Council incorporated into the record, would not provide a basis for changing the ALJ's decision. This Court affirms these findings.

Plaintiff's seventh objection can be covered briefly. The first part of the objection states that "[t]he Magistrate Judge erred by saying that the ALJ did not need to consider the report from Dr. Ashby dated February 5, 2004, in which she gave her opinion that Ms. Smith was totally disabled." Pl. Obj. at 6. The rest of the paragraph claims error on the part of the Appeals Council. To the extent that Plaintiff objects to the ALJ's failure to consider the February 5, 2004 statement by Dr. Ashby, this objection lacks merits considering this report was made part of the record after the ALJ's decision. To the extent that Plaintiff objects to the Appeals Council's failure to consider this statement, this objection lacks merit as discussed above since the Council specifically noted taking this new evidence into consideration. *See* Tr. at 5.

The second part of this objection claims that the Magistrate erred by discounting the statement by Dr. Ashby dated Februray 5, 2004. The statement of disability by Dr. Ashby is a cursory statement; it contains no objective medical evidence as support; and it notes that although Plaintiff's incapacities would be for life, she could still participate in educational activities or vocational training. The Magistrate properly determined that this statement of disability is inconsistent with other evidence of record and weighed this evidence appropriately.

---

[1]For cases holding that the magistrate judge correctly reviewed the entire record including newly submitted evidence to the Appeals Council, see *Wilkins v. Sec., Dept. of Health and Human Serv.*, 953 F.2d 93 (4th Cir. 1991); *Hollar v. Comm'r of the Social Security Admin.*, 194 F.3d 1304 (4th Cir. 1999)(unpublished). For cases remanding the decision to the Commissioner for further articulation of the weight given to new evidence, see *Jordan v. Califano*, 582 F.2d 1333 (4th Cir. 1978); *Thomas v. Comm'r of Social Security*, 24 Fed.Appx. 158 (4th Cir. 2001)(unpublished); *Harmon v. Apfel*, 103 F.Supp.2d 869 (D.S.C. 2000).

Plaintiff's fifth objection is lacking accuracy. Plaintiff claims that the "Magistrate Judge erred by finding that the ALJ should have included in his hypothetical to the Vocational Expert more significant limitations from Ms. Smith's panic attacks, and then concluding that the claimant did not specify what limitation the ALJ should have included." Pl. Obj. at 5. The Magistrate did not find that the ALJ's hypothetical should have included more significant limitations. In fact, the Magistrate found the exact opposite by concluding that the hypothetical question included proper limitations that were supported by the record. *See* Mag. Findings at 22-23. After reviewing the record, this Court affirms this finding.

### IV. Conclusion

Accordingly, having found no merit to Plaintiff's objections, the Court **DENIES** Plaintiff's motion for judgment on the pleadings and motion to remand, **GRANTS** Defendant's motion for judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner.

The Clerk is **DIRECTED** to send a copy of this order to all counsel of record and any unrepresented parties.

ENTER: September 30, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE